FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 1 5 2015

IN THE UNITED STATES DISTRICT COURT JAMES W. McCORMACK, CLERK
FOR THE EASTERN DISTRICT OF ARKANSAS By *Aulaine Beard*
DEP CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| PHILLIP W. CARTER | ) | |
| | ) | |

## PLEA AGREEMENT

The United States of America, by and through the undersigned attorneys for the United States Department of Justice, Criminal Division, Public Integrity Section, and Phillip W. Carter (hereinafter referred to as the "defendant") enter into the following agreement:

### Charges and Statutory Penalties

1.      The defendant agrees to plead guilty to a one-count Information, which charges Conspiracy, in violation of Title 18, United States Code, Section 371.

2.      The defendant understands that Count One of the Information has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

   a.      First, from in or about April 2007, and continuing to in or about February 2012, two or more people reached an agreement to commit the crimes of bribery and honest services wire fraud;

   b.      Second, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;

   c.      Third, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

d.      Fourth, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

3.      The defendant understands that pursuant to Title 18, United States Code, Section 371, Count One carries a maximum sentence of five (5) years of imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three year term of supervised release, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

4.      If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this Plea Agreement, the United States agrees that it will not further prosecute the defendant for any crimes described in the attached "Factual Basis for Plea" or for any conduct of the defendant now known to the Public Integrity Section, and to the law enforcement agents working with the Public Integrity Section on the present investigation. Nothing in this Plea Agreement is intended to provide any limitation of liability arising out of any acts of violence.

**Factual Stipulations**

5.      The defendant agrees that the attached "Factual Basis for Plea" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty.   The defendant knowingly, voluntarily, and truthfully admits the facts set forth in the Factual Basis for Plea.

**Sentencing**

6.     The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.   The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

7.     The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing

recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.      The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the probation office, or the Court, except as expressly provided in this Plea Agreement.

**Sentencing Guidelines Stipulations**

9.      The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, *Guidelines Manual* 2011 (hereinafter "Sentencing Guidelines" or "U.S.S.G."). The defendant further understands that this agreement is governed in part by Federal Rule of Criminal Procedure 11(c)(1)(B) and in part by 11(c)(1)(C). To assist the Court in determining the appropriate sentence, the parties stipulate to the following pursuant to Rule 11(c)(1)(B):

     a.      Base Offense Level Under the Guidelines

The parties agree and stipulate that, because the defendant was not a public official, the Base Offense Level, pursuant to U.S.S.G. § 2C1.1(a), is a Level 12.

     b.      Specific Offense Characteristics Under the Guidelines

The parties agree and stipulate that because the offense involved more than one bribe, the defendant's Base Offense Level should be increased by two levels, pursuant to U.S.S.G. § 2C1.1(b)(1).

-4-

The parties agree and stipulate that pursuant to U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1, the things of value and benefits received by the defendant totaled between $10,000 and $20,000, which should increase the defendant's Base Offense Level by four levels.

The parties agree and stipulate that pursuant to U.S.S.G. § 2C1.1(b)(3), the offense involved a public official in a high-level decision-making or sensitive position, which should increase the defendant's Base Offense Level by four levels.

The parties agree and stipulate that the defendant's Total Offense Level is a Level 22 (41-51 months).

        c.     <u>Acceptance of Responsibility</u>

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

            i.     fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

           ii.     challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

          iii.     denies involvement in the offense;

          iv.     gives conflicting statements about that involvement or is untruthful with the Court, the United States, or the probation office;

v.      fails to give complete and accurate information about the defendant's financial status to the probation office;

vi.     obstructs or attempts to obstruct justice, prior to sentencing;

vii.    has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

viii.   fails to appear in Court as required;

ix.     after signing this Plea Agreement, engages in additional criminal conduct; or

x.      attempts to withdraw the plea of guilty.

If the defendant has accepted responsibility as described above, and the defendant's offense level is 16 or greater, the United States agrees that an additional one-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because the defendant has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

d.      Criminal History Category

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that a downward departure to Criminal History Category I is warranted pursuant to U.S.S.G. § 4A1.3(b)(1).   The parties agree that adding points for the sentence imposed in Case No. 4:12CR00230-003 KGB (EDAR) would substantially over-represent the seriousness of the defendant's criminal history, as Case No.

4:12CR00230-003 KGB involves (a) unrelated but similar conduct that occurred during a similar time frame as the conduct in this matter, and (b) conduct that could have been joined with this matter for contemporaneous resolution, which would have resulted in no additional criminal history points.  Other than the agreed downward departure to Criminal History Category I, the parties agree that the Court remains free to impose the sentence it deems appropriate.  If the Court accepts and imposes the agreed departure to Criminal History Category I, the defendant may not withdraw this plea as a matter of right under Fed. R. Crim. P. 11(d) and (e).  If, however, the Court refuses to impose the agreed departure to Criminal History Category I, thereby rejecting this Agreement, or otherwise refuses to accept the defendant's plea of guilty, either party has the right to withdraw from this Agreement.

### Agreement as to Sentencing Allocution

10.     The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a).  However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

11.     In support of any variance argument, the defendant agrees to provide to the United States reports, motions, memoranda of law and documentation of any kind on which the defendant intends to rely at sentencing not later than twenty-one (21) days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law

and documentation have not been provided to the United States at least twenty-one (21) days before sentencing shall be deemed waived.

### Court Not Bound by the Plea Agreement

12.     With the exception of the stipulation set forth in paragraph 10(d), above, it is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Sentencing Guidelines range, or other sentencing issues.   In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the advisory Sentencing Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Appeal Waiver

13.     The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal.   The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).   Knowing that, and in exchange for the promises made by the government in entering this Plea Agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

-8-

a.       Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of the defendant's sentence.

b.       If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

    i.       that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth above;

    ii.      challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

    iii.     challenging a decision by the sentencing judge to impose an "upward variance," pursuant to 18 U.S.C. § 3553(a), above the final Sentencing Guidelines range determined by the Court; and

    iv.      that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.

14.      By signing this Plea Agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in the preceding paragraph of this Plea Agreement with the defendant's attorney.  The defendant further agrees, together with the United States, to request

that the Court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

15.     The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in the United States Court of Appeals for the Eighth Circuit or Supreme Court cases decided after the date of this Plea Agreement that are held by the United States Court of Appeals for the Eighth Circuit or Supreme Court to have retroactive effect.

**Restitution**

16.     In addition to the other penalties provided by law, the Court may also order the defendant to make restitution under 18 U.S.C. § 3663.   The defendant understands that restitution may be ordered by the Court to all victims of the defendant's criminal conduct and not merely for those victims included in the count to which the defendant agrees to plead guilty.

**Release/Detention**

17.     The defendant acknowledges that while the United States will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty.   Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, the United States may move to change the defendant's conditions of release or move to revoke the defendant's release.

**Breach of Agreement**

18.     The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the

-10-

defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement.   In the event of such a breach:   (a) the United States will be free from its obligations under the Plea Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

19.     The defendant understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules.

20.     The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence.   The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

21.     Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the

defendant from prosecution for any crimes not included within this Plea Agreement or committed by the defendant after the execution of this Plea Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

22.     It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

### Complete Agreement

23.     No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the Public Integrity Section.

-12-

24.    The defendant further understands that this Plea Agreement is binding only upon the Public Integrity Section.   This Plea Agreement does not bind the Civil Division of the United States Department of Justice or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.   It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

25.    By signing the Plea Agreement in the space indicated below and returning the original once it has also been signed by counsel for the defendant, the defendant acknowledges that the terms and conditions of this Plea Agreement are satisfactory.

Respectfully submitted,

RAYMOND N. HULSER
Chief

EDWARD P. SULLIVAN (NY #2731032)
LAUREN BELL (OH #0084662)
GWENDOLYN A. STAMPER (NY #5050224)
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Ave., N.W., 12th Floor
Washington, D.C. 20530
Tel:  (202) 514-1412
Fax:  (202) 514-3003
edward.sullivan@usdoj.gov
lauren.bell2@usdoj.gov
gwendolyn.stamper@usdoj.gov

-13-

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement in its entirety and discussed it with my attorney.   I hereby acknowledge that it fully sets forth my agreement with the United States.   I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter.   I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.   I am satisfied with the legal representation provided to me by my attorney.   We have had sufficient time to meet and discuss my case.   We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement, and whether I should go to trial.   I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Date: _____9/15/15_____

_____
PHILLIP W. CARTER
Defendant

-14-

ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 9/15/15

BILL STANLEY, ESQ.
Attorney for the Defendant

-15-